**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Brenda Q.,[1] | Case No. 2:23-cv-01071-BNW |
|        Plaintiff, | **ORDER** |
|     v. | |
| Kilolo Kijakazi, | |
|        Defendant. | |

This case involves review of an administrative action by the Commissioner of Social Security denying Plaintiff's application for disability benefits under Title XVI of the Social Security Act. The Court reviewed Plaintiff's opening brief, in which she asks this Court to reverse the Commissioner's decision or, in the alternative, remand for further proceedings. ECF No. 20. The Court also reviewed the Commissioner's response and motion to remand. ECF Nos. 26, 27. Plaintiff did not file a reply. For the reasons discussed below, the Court grants in part and denies in part Plaintiff's motion, grants the Commissioner's motion, and remands for further proceedings.

**I.      BACKGROUND**

Plaintiff first filed for disability insurance benefits under Title II of the Social Security Act as well as supplemental security income under Title XVI in 2011. Administrative Record ("AR") 141. The Administrative Law Judge ("ALJ) in that case, Barry H. Jenkins, found that Plaintiff had the residual functional capacity ("RFC") to perform light work but that she needed a cane to ambulate. AR 146. He further found that she was not disabled. AR 152.

In November of 2018, Plaintiff again applied for supplemental security income under Title XVI, alleging that she became unable to work in April of 2018. AR 409–10. The Appeals Council remanded the case. AR 214–15. On remand, Plaintiff appeared with her attorney at two

---

[1]  In the interest of privacy, this opinion only uses the first name and last initial of the nongovernmental party.

1    hearings before ALJ Cynthia R. Hoover. AR 40–61, 64–80. In 2022, ALJ Hoover issued her

2    decision, in which she found that Plaintiff had a RFC to perform light work and did *not* need a

3    cane to ambulate. AR 24–28. She further found that Plaintiff was not disabled. AR 31. The

4    Appeals Council declined to review this decision, and Plaintiff appealed to this Court. AR 1.

5    **II.      STANDARD OF REVIEW**

6           Administrative decisions in Social Security disability-benefits cases are reviewed under

7    42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g)

8    provides that "[a]ny individual, after any final decision of the Commissioner of Social Security

9    made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may

10   obtain a review of such decision by a civil action . . . brought in the district court of the United

11   States for the judicial district in which the plaintiff resides." The Court may enter "upon the

12   pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the

13   decision of the Commissioner of Social Security, with or without remanding the cause for a

14   rehearing." 42 U.S.C. § 405(g).

15          The Commissioner's findings of fact are conclusive if supported by substantial evidence.

16   *See id.*; *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's

17   findings may be set aside if they are based on legal error or not supported by substantial

18   evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas*

19   *v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as

20   "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a

21   reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d

22   1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir.

23   2005). In determining whether the Commissioner's findings are supported by substantial

24   evidence, the Court "must review the administrative record as a whole, weighing both the

25   evidence that supports and the evidence that detracts from the Commissioner's conclusion."

26   *Reddick v. Chater*, 157 F. 3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273,

27   1279 (9th Cir. 1996).

28                                                          2

1    Under the substantial evidence test, findings must be upheld if supported by inferences

2    reasonably drawn from the record. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

3    When the evidence supports more than one rational interpretation, the court must defer to the

4    Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten*

5    *v. Sec'y of Health & Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, the issue before the

6    Court is not whether the Commissioner could have reasonably reached a different conclusion,

7    but whether the final decision is supported by substantial evidence. *Burch*, 400 F.3d at 679. It is

8    incumbent on the ALJ to make specific findings so that the Court does not speculate as to the

9    basis of the findings when determining if the Commissioner's decision is supported by

10   substantial evidence. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). Mere cursory

11   findings of fact without explicit statements as to what portions of the evidence were accepted or

12   rejected are not sufficient. *Id.* The ALJ's findings "should be as comprehensive and analytical as

13   feasible, and where appropriate, should include a statement of subordinate factual foundations on

14   which the ultimate factual conclusions are based." *Id.*

15   **A.  Disability evaluation process and the ALJ decision**

16       The individual seeking disability benefits has the initial burden of proving disability.

17   *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must

18   demonstrate the "inability to engage in any substantial gainful activity by reason of any

19   medically determinable physical or mental impairment which can be expected . . . to last for a

20   continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The individual also

21   must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R.

22   § 404.1514. If the individual establishes an inability to perform her prior work, then the burden

23   shifts to the Commissioner to show that the individual can perform other substantial gainful work

24   that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

25       The ALJ follows a five-step sequential evaluation process in determining whether an

26   individual is disabled. *See* 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

27   If at any step the ALJ determines that she can make a finding of disability or non-disability, a

28                                               3

1    determination will be made, and no further evaluation is required. *See* 20 C.F.R.

2    § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

3            Step one requires the ALJ to determine whether the individual is engaged in substantial

4    gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the individual is engaged in SGA, the

5    ALJ will make a finding of non-disability. If the individual is not engaged in SGA, then the

6    analysis proceeds to step two.

7            Step two addresses whether the individual has a medically determinable impairment that

8    is severe or a combination of impairments that significantly limits her from performing basic

9    work activities. *Id.* § 404.1520(a)(4)(ii). If the individual does not have a severe medically

10   determinable impairment or combination of impairments, then the ALJ makes a finding of non-

11   disability. If the individual has a severe medically determinable impairment or combination of

12   impairments, then the analysis proceeds to step three.

13           Step three requires the ALJ to determine whether the individual's impairments or

14   combination of impairments meets or medically equals the criteria of an impairment listed in 20

15   C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). If the individual's impairment

16   or combination of impairments meets or equals the criteria of a listing and the duration

17   requirement, then the ALJ makes a finding of disability. *Id.* § 404.1520(d). Otherwise, the

18   analysis proceeds to step four.

19           However, before moving to step four, the ALJ must first determine the individual's RFC,

20   which is a function-by-function assessment of the individual's ability to do physical and mental

21   work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. §

22   404.1560; *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant

23   evidence, such as all symptoms and the extent to which the symptoms can reasonably be

24   accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §

25   404.1545. To the extent that statements about the intensity, persistence, or functionally limiting

26   effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ

27   must make a finding on the credibility of the individual's statements based on a consideration of

28                                                    4

1   the entire case record.

2       Step four requires the ALJ to determine whether the individual has the RFC to perform

3   her past relevant work ("PRW"). 20 C.F.R. § 404.1520(a)(4)(iv). PRW means work performed

4   either as the individual actually performed it or as it is generally performed in the national

5   economy within the last 15 years. The work also must have lasted long enough for the individual

6   to learn the job and to have performed an SGA. If the individual has the RFC to perform her past

7   work, then the ALJ makes a finding of non-disability. If the individual is unable to perform any

8   PRW or does not have any PRW, then the analysis proceeds to step five.

9       The fifth and final step requires the ALJ to determine whether the individual can do any

10   other work considering her RFC, age, education, and work experience. 20 C.F.R.

11   § 404.1520(a)(4)(v). If she can do other work, then the ALJ makes a finding of non-disability.

12   Although the individual generally continues to have the burden of proving disability at this step,

13   a limited burden of going forward with the evidence shifts to the Commissioner. The

14   Commissioner is responsible for providing evidence demonstrating that other work exists in

15   significant numbers in the economy that the individual can do. *Bowen v. Yuckert*, 482 U.S. 137,

16   141–42 (1987).

17       *Here*, ALJ Hoover followed the five-step sequential evaluation process set forth in 20

18   C.F.R. § 404.1520(a).

19       At step one, ALJ Hoover found that Plaintiff had been engaged in substantial gainful

20   activity during the fourth quarter of 2019, but that there had been a continuous twelve-month

21   period during which Plaintiff did not engage in substantial gainful activity. AR 20. Therefore,

22   ALJ Hoover addressed her below findings to the period in which Plaintiff did not engage in

23   substantial gainful activity. *Id.*

24       At step two, ALJ Hoover concluded that Plaintiff had the following severe impairments:

25   asthma; degenerative disc disease and other degenerative changes of the spine; anxiety and

26   obsessive-compulsive disorders; depressive, bipolar, and related disorders; neurodevelopmental

27   disorders; and trauma-and-stressor-related disorders. *Id.*

28   5

1   At step three, ALJ Hoover found that Plaintiff does not have an impairment or

2   combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part

3   404, Subpart P, Appendix 1. *Id.*

4   Before moving to step four, ALJ Hoover concluded that Plaintiff had the RFC to perform

5   light work as defined in 20 CFR 416.967(b) except that:

6   the claimant could lift and/or carry 20 pounds occasionally and ten pounds frequently.
    She could occasionally stoop, kneel, crouch, and climb ramps and stairs. She should

7   never climb ladders, ropes, scaffolds. She could tolerate occasional exposure to
    pulmonary irritants and workplace hazards such as dangerous, moving machinery (such

8   as jackhammers or chainsaws) and unprotected heights. She could understand, remember,
    and carry out simple tasks and maintain concentration, persistence, and pace for such

9   work. She could tolerate occasional contact with coworkers and the public.

10  AR 24.

11  At step four, ALJ Hoover found that Plaintiff was capable of performing PRW as a

12  hospital cleaner as she actually performed it. AR 28. She went on to note that "[t]his work does

13  not require the performance of work-related activities precluded by the claimant's residual

14  functional capacity." *Id.*

15  At step five, ALJ Hoover found that given Plaintiff's age, education, work experience,

16  and RFC, there are jobs that exist in significant number in the national economy that she could

17  perform. AR 30. ALJ Hoover concluded that a finding of "not disabled" was appropriate under

18  the above framework. *Id.*

19  **III.   ANALYSIS**

20      **A. ALJ Hoover failed to provide specific, clear, and convincing reasons to discount
           Plaintiff's symptom testimony.**
21

22  In determining whether a claimant's testimony regarding subjective pain or symptoms is

23  credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th

24  Cir. 2014). First, the ALJ must determine whether the claimant has presented objective medical

25  evidence of an underlying impairment which could reasonably be expected to produce the pain

26  or other symptoms alleged. *Id.* (internal citation and quotation omitted). If the claimant satisfies

27  the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the

28

claimant's testimony about the severity of their symptoms "only by offering specific, clear, and convincing reasons for doing so." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal citation and quotation omitted) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why they discounted the claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, ALJ Hoover found that, while the objective medical evidence demonstrated impairments that "could reasonably be expected to cause the alleged symptoms," it did not corroborate the "intensity, persistence, and limiting effects" of Plaintiff's symptom testimony. AR 26. ALJ Hoover conceded that Plaintiff experienced asthma, degenerative disc disease, obesity, various mental disorders, neurocognitive disorders, and trauma-and-stressor related disorders. AR 25. She also noted that Plaintiff was diagnosed with degenerative changes to her spine that were corroborated by medical evidence. *Id.* However, the ALJ found that Plaintiff "presented herself to her various examiners with unremarkable musculoskeletal and neurological symptoms, demonstrating normal gait and ambulation with no noteworthy limitations or symptoms in her back, neck, or extremities." AR 26. Given this and other findings, the ALJ determined that the medical evidence did not support Plaintiff's need for a cane nor that she was limited to sedentary work. *See id.*

Plaintiff argues that ALJ Hoover erred numerous times by evaluating raw medical data herself, stating vague findings, and unfairly summarizing medical records. *See* ECF No. 20 at 9–10. The Commissioner reaches the same conclusion—that ALJ Hoover erred in rejecting Plaintiff's symptom testimony—but for different reasons. ECF No. 26 at 6–7. The Commissioner argues that ALJ Hoover did not properly analyze Plaintiff's testimony because she did not fully

1   discuss the type and effectiveness of Plaintiff's treatment under 20 C.F.R. § 416.929(c)(3)(iv)–

2   (v), nor did she address Plaintiff's daily activities under 20 C.F.R. § 404.1529(c)(3)(i). *Id.*

3          The Court has reviewed the record and agrees with the parties that ALJ Hoover did not

4   conduct the proper analysis when considering Plaintiff's symptom testimony. Specifically, the

5   Court finds that she did not properly evaluate the intensity and persistence of Plaintiff's alleged

6   symptoms under 20 C.F.R. §§ 416.929(c) and 404.1529(c) because she failed to consider, or

7   fully consider, evidence like daily activities or treatment. *See* AR 24–28.

8          An ALJ's error is harmless only if it is found to be "inconsequential to the ultimate non-

9   disability determination" and if the Court "can confidently conclude that no reasonable ALJ,

10  when [not making the same error] could have reached a different disability determination." *Stout*

11  *v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006). Here, the ALJ's error is

12  not harmless because, had she considered the other evidence under 20 C.F.R. §§ 416.929(c) and

13  404.1529(c), she may have accepted Plaintiff's symptom testimony. Put differently, another ALJ

14  crediting such testimony could have reached a different disability determination. *Stout*, 454 F.3d

15  at 1055–56.

16         Though the parties, and this Court, agree that ALJ Hoover erred, the parties disagree

17  about how to remedy this error. ECF No. 20 at 7–11; ECF No. 26 at 6–13. Plaintiff argues that

18  the Court should "credit her subjective complaints as true and award the benefits sought." ECF

19  No. 20 at 10. The Commissioner argues that a remand is necessary for the ALJ to properly

20  address all the evidence. ECF No. 26 at 7.

21         "Usually, if additional proceedings can remedy defects in the original administrative

22  proceeding, a social security case should be remanded." *Garrison v. Colvin*, 759 F.3d 995, 1019

23  (9th Cir. 2014) (internal quotations omitted) (quoting *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th

24  Cir. 1981)). If a court wishes to remand to award benefits, it must satisfy the credit-as-true test.

25  *Id.* at 1020. Under this test, the court must show that (1) the record has been fully developed and

26  further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to

27  provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical

28                                                    8

1    opinion; *and* (3) if the improperly discredited evidence were credited as true, the ALJ would be

2    required to find the claimant disabled on remand. *Id.* (emphasis added). Here, the record has not

3    been fully developed because the ALJ did not properly consider the type and effectiveness of

4    Plaintiff's treatment under 20 C.F.R. § 416.929(c)(3)(iv)–(v) and did not address Plaintiff's daily

5    activities under 20 C.F.R. § 404.1529(c)(3)(i). Accordingly, a remand for further proceedings

6    would be useful for the ALJ to consider the above.

7
         **B.  ALJ Hoover's RFC determination was not supported by substantial evidence,
              and remand for further proceedings is appropriate.**
8

9        Plaintiff generally argues that ALJ Hoover's RFC determination was not supported by

10   substantial evidence and contained legal error because she found that Plaintiff had lesser

11   limitations than what ALJ Jenkins found. ECF No. 20 at 5, 7. Specifically, Plaintiff contends this

12   determination is contradicted by the record and unsupported by case law. *Id.* The Commissioner

13   seems to agree that ALJ Hoover's RFC determination contains contradictions and is thus

14   ambiguous. ECF No. 26 at 8–9. Because whether ALJ Hoover erred depends, in part, on ALJ

15   Jenkins' underlying decision, the Court outlines the relevant facts and law below before turning

16   to the alleged error.

17       The principles of res judicata apply to administrative decisions, however, the doctrine is

18   applied less rigidly. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988) (citing *Lyle v. Secretary*

19   *of Health and Human Servs.*, 700 F.2d 566, 568 n.2 (9th Cir.1983)). When a claimant has

20   previously been denied disability benefits, a presumption of continuing non-disability arises. *Id.*

21   To overcome this presumption, the administrative law judge must prove "changed circumstances

22   indicating a greater disability." *Id.* (quoting *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985)

23   (cleaned up).

24       During the first hearing in 2015, ALJ Jenkins asked the vocational expert a hypothetical

25   question about a person with Plaintiff's conditions who also required a cane to ambulate. AR

26   134. The vocational expert found that such a person could perform sedentary work and would

27   not be able to work as an office helper, mail clerk, or housekeeper. AR 135. Ultimately, ALJ

28                                                    9

1    Jenkins found that Plaintiff could perform light work with some exceptions, including the need

2    of a cane to ambulate. AR 146. He further found that Plaintiff was not disabled. AR 152.

3           In her 2022 decision, ALJ Hoover first rebutted the presumption of non-disability by

4    finding "changed circumstances indicating [a] greater disability" because the musculoskeletal

5    listings regarding spine impairments had changed. AR 18. ALJ Hoover went on to find that

6    Plaintiff could perform light work with some exceptions, which did *not* include the need of a

7    cane to ambulate. This RFC determination differed from ALJ Jenkins' previous finding. AR 24.

8           In determining Plaintiff's RFC, ALJ Hoover considered the findings of state-agency

9    consultants, Dr. Chahal and Dr. Mohan, and found them persuasive and that the assessments

10   were "consistent with the objective medical evidence." AR 28. She cited Exhibits B2A/10-12

11   and B4A/9-11. *Id.* In these exhibits, both Dr. Chahal and Dr. Mohan note: "[Claimant] alleges

12   similar allegations as prior claim. There has been no significant change in circumstances. ALJ

13   decision adopted—RFC prepared." AR 167, 184.

14          Therefore, there are two main inconsistencies in ALJ Hoover's decision. First, ALJ

15   Hoover rebutted the presumption of non-disability because she found a changed circumstance,

16   however, she also found the prior administrative medical findings of Drs. Chahal and Mohan

17   persuasive, in which they found no change in circumstances. Second, ALJ Hoover found that

18   Plaintiff did not need a cane to ambulate, however, she relied on the medical findings of Drs.

19   Chahal and Mohan in making this determination. In their findings, the doctors adopted ALJ

20   Jenkins' RFC—in which Plaintiff did require a cane to ambulate.

21          In light of these inconsistencies, Plaintiff argues that ALJ Hoover "erred by failing to

22   assess an RFC assessment that had a greater limitation than ALJ Jenkins." ECF No. 20 at 7. She

23   also contends that ALJ Hoover found certain medical opinions persuasive, but then reached a

24   conclusion that contradicted them. *Id.* at 5–6. The Commissioner seemingly agrees with both

25   points. ECF No. 26 at 8–9. He notes how ALJ Hoover found that Plaintiff had shown changed

26   circumstances indicating greater disability but then assessed an RFC that is less restrictive than

27   what ALJ Jenkins assessed. *Id.* He further points out that ALJ Hoover relied on medical opinions

28

1    that adopted ALJ Jenkins's RFC assessment but then diverted from those opinions and the

2    previous RFC without explaining why. *Id.* at 9. The Court considers whether ALJ Hoover erred

3    below.

4       1.  *ALJ Hoover erred when she reached a contradictory conclusion, and such error was not harmless.*

5       "Evidence from state agency consultant physicians must be treated as expert opinion

6    evidence; thus, the ALJ may not ignore these opinions and must explain the weight given to

7    these opinions in their decisions." *Bain v. Astrue*, 319 F. App'x 543, 546 (9th Cir. 2009) (internal

8    quotations omitted) (quoting SSR 96–6p). Here, ALJ Hoover does address these opinions and

9    explains why she finds them persuasive. AR 28. However, her explanation is not supported by

10   substantial evidence because these doctors' medical findings contradict her RFC determination,

11   as discussed above. Thus, because ALJ Hoover failed to adequately explain why she found an

12   RFC that differed from medical findings that she said were persuasive, her determinations are

13   not supported by substantial evidence. *See Lucero v. Saul*, No. CV 20-518 KK, 2021 WL

14   2589130, at *16 (D.N.M. June 24, 2021).

15      An ALJ's error is harmless only if it is found to be "inconsequential to the ultimate non-

16   disability determination" and if the Court "can confidently conclude that no reasonable ALJ,

17   when [not making the same error] could have reached a different disability determination." *Stout*

18   *v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006). Here, the error is not

19   inconsequential because ALJ Hoover decided the medical findings were persuasive, and if she

20   followed them, could have reached a different disability determination. Likewise, another ALJ,

21   crediting the assessments of Drs. Chahal and Mohan, could have found that Plaintiff was

22   disabled. The ALJ's contradictory record, therefore, was not harmless.

23      2.  *Remand is proper because Plaintiff's arguments rely on ALJ Hoover's contradictory findings.*

24

25      The parties disagree as to the effect this error has on the proceedings. While the

26   Commissioner argues the error creates ambiguity that necessitates further proceedings, Plaintiff

27   argues that this Court should award her benefits because ALJ Hoover should have found that

28                                                11

1  Plaintiff was disabled under *Distasio*[2] and *Cooper*.[3] ECF No. 26 at 7; ECF No. 20 at 6.

2  Specifically, Plaintiff argues that ALJ Hoover was required to find Plaintiff disabled under grid

3  rule 20 C.F.R. Part 404, Subpt. P, Rule 201.04 because the only jobs available consistent with

4  Plaintiff's RFC were sedentary jobs, and because Plaintiff was 51-years old at the time of the

5  2022 decision. ECF No. 20 at 6.

6      Here, the Court cannot conclude that ALJ Hoover was required to find Plaintiff disabled

7  under a grid rule because Plaintiff's arguments rest on ALJ Hoover's contradictory findings.[4] In

8  short, Plaintiff contends that her RFC is limited to sedentary work under *Distasio* and *Cooper*

9  because ALJ Hoover relied on medical findings that adopted ALJ Jenkins' RFC. The Court will

10  not consider these arguments because, as discussed above, the record is unclear as to whether

11  ALJ Hoover actually adopted ALJ Jenkins' RFC, and the Court is remanding the case for her to

12  clarify this point. Moreover, the Court finds that remand for further proceedings—not to award

13  benefits—is appropriate because the credit-as-true test is not satisfied. *See Garrison v. Colvin*,

14  759 F.3d 995, 1019 (9th Cir. 2014). The test is not satisfied because, under factor one (in which

15  the court must show that the record has been fully developed and further administrative

16  proceedings would serve no useful purpose), the Court finds that the record has not been fully

17

18  [2] *Distasio v. Shalala*, 47 F.3d 348 (9th Cir. 1995).
   [3] *Cooper v. Sullivan*, 880 F.2d 1152 (9th Cir. 1989).
   [4] Plaintiff's argument is attenuated, but the Court will do its best to relay her chain of logic here.
19  At the hearing in 2015, the vocational expert testified that if Plaintiff required a cane to
   ambulate, she could not do light work. AR 134–35. Still, ALJ Jenkins found that Plaintiff needed
20  a cane to ambulate *and* could perform light work. In *Distasio*, the Ninth Circuit found that the
   "testimony of the vocational expert belied the ALJ's finding that the combination of [the
21  plaintiff's] exertional and non-exertional limitations did not limit him to sedentary work." 47
   F.3d at 350. And in *Cooper*, the Ninth Circuit found that the ALJ must accept a finding of
22  disability if dictated by the grids. 880 F.2d at 1157. Plaintiff uses these cases to argue that the
   vocational expert's testimony in 2015 belied ALJ Jenkins' RFC finding of light work, and that he
23  should have found that Plaintiff was limited to sedentary work. *See* ECF No. 20 at 6. She goes on
   to argue that because ALJ Hoover relied on medical findings that adopted ALJ Jenkins' RFC,
24  *Distasio* should further apply to ALJ Hoover's determination. *See id.* Finally, Plaintiff concludes
   that because she was allegedly limited to sedentary work, the grid mandates a finding of
25  disability based on her age, education, and skills. *See id.* The Court is not persuaded by this
   argument. The Court will not find that ALJ Hoover adopted ALJ Jenkins' RFC when it is
26  ambiguous as to whether she adopted it. Moreover, the Court is remanding this case for ALJ
   Hoover to resolve the contradiction between the medical findings she relies on and her RFC
27  conclusion.

28                                    12

1    developed as to whether ALJ Hoover agrees with Drs. Chahal and Mohan that ALJ Jenkins' RFC

2    should apply. *See id.* Moreover, the Court finds that further administrative proceedings would be

3    useful for ALJ Hoover to clarify her RFC finding and the weight she affords Drs. Chahal and

4    Mohan.

5    **IV.    CONCLUSION**

6         **IT IS THEREFORE ORDERED** that Plaintiff's motion for reversal, or in the

7    alternative, remand (ECF No. 20) is GRANTED IN PART AND DENIED IN PART. The Court

8    denies Plaintiff's motion as to her request for an award of benefits but grants it as to her

9    alternative request for remand.

10        **IT IS FURTHER ORDERED** that the Commissioner's motion to remand (ECF No. 26)

11   is GRANTED.

12        **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter

13   judgment in favor of Plaintiff and close this case.

14

15        DATED this 8th day of August, 2024.

16

17        _____
          BRENDA WEKSLER

18        UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28                                    13